BERTHA B. PEACOCK *et al. v.* ADA JOYCE *et al.*

(*Nashville.* December Term, 1919.)

1. **INSURANCE.** Statutes governing distribution of proceeds inapplicable to benefit certificate.

Shannon's Code, secs. 4030, 4232, providing that insurance on the life of a husband shall inure to the benefit of his widow and children or next of kin, does not apply to a certificate issued by a benefit society.  (Post, p. —.)

Cases cited and approved:  Harvey v. Harrison, 89 Tenn., 470; Rose v. Wortham, 95 Tenn., 505.

Code cited and construed:  Secs. 4030, 4232(S.).

2. **INSURANCE.** Proceeds of certificate not impressed with trust for support of children of first wife.

Where, upon death of beneficiary wife before her husband, under the by-laws of the benefit society, his second wife was entitled to the proceeds of a benefit certificate, the fund was impressed with no trust for the support of the member's children by a first marriage.  (Post, p. —.)

3. **INSURANCE.** On death of wife named as beneficiary, second wife entitled to benefit.

Under the by-laws of a benefit society providing that if the beneficiary died prior to the death of the member, the amount of the benefit should be paid to the widow, and if there was no widow to the children, where the member's wife named as beneficiary died, and the member remarried, his second wife was entitled to the proceeds of the certificate as his widow in preference to the children.  (Post, p. —.)

FROM LAWRENCE.

Appeal from the Chancery Court of Lawrence County. —Hon. Walter S. Bearden, Chancellor.

Haggard & Haggard, for appellants.

Boyd & Boyd and Albert Morgan, for appellees.

Mr. Chief Justice Lansden delivered the opinion of the Court.

The original bill shows that W. P. Jeter obtained a benefit certificate in the Modern Woodmen of the World in the sum of $2,000, and named his wife, Nancy Jeter, as the beneficiary therein. Nancy died, and later W. P. Jeter married the defendant Ada. One child was born as the result of this marriage. No effort was made by Jeter to change the name of the beneficiary in his benefit certificate, and later, when he died, the certificate provided that the amount specified should be paid "to said beneficiary or beneficiaries, to wit, Nancy Jeter, related to said member as his wife."

The order paid the amount of the certificate to defendant Ada. At that time all of Jeter's children were living with her. She afterwards intermarried with the defendant Joyce. After her marriage to Joyce, she removed from Wayne to Lawrence county, and carried the children of Jeter with her. She later declined to keep the children of Jeter's first marriage, and had them sent to complainant, who is a sister of the children. They are without means of support, and are residing with their grandfather, who is unable to support them.

The bill is predicated mainly upon the idea that Nancy Jeter, as named beneficiary, had an inheritable interest

in. the fund, and these complainants, being her children and heirs at law, succeeded to her right as beneficiary. It is said that these rights were not affected by the subsequent marriage of Jeter with the defendant Ada, and inconsistently as it might appear, it is said in the bill that Watt N. Jeter, the child of the second marriage, is entitled to said fund equally with the complainants. But Watt N. Jeter is not a child, or heir, of Nancy Jeter.

Section 46 of the by-laws of the Modern Woodmen of the World was incorporated into the benefit certificate and is as follows:

"Sec. 46. If Beneficiary Dies, Disposition of Benefits. —If the death of a beneficiary of any member heretofore or hereafter adopted shall occur at the same time or prior to the death of such member, or in the event of the disqualification of the beneficiary under the provisions of section 45 hereof, and if such member has failed to have another beneficiary named, as provided in section 47 hereof, then the amount to be paid under the benefit certificate shall be paid to the surviving beneficiaries if any there be, or if no beneficiaries survive him, then to the widow; if no widow, to his children, including his legally adopted children, and in case there are deceased children or child, to the mother; if no mother, to the father; if no father, to the brothers and sisters, share and share alike, and in case there are deceased brothers or sisters, then to the children or child of such, who shall take the share of such deceased parent; if no brothers or sisters, or children or child or any deceased brother or sister, then to the next of kin,

22.—142 Tenn.

who would be the distributees of the personal estate of the member upon his death intestate according to the laws of the state wherein the said member resided at the time of his death."

There was a demurrer to the bill, which the chancellor sustained, and the complainants have appealed and assigned four errors. The second is that, if it should be held that the proceeds of the certificate were properly payable to the. defendant, Ada Joyce, under our statute the same should have been equally divided between her and the children of W. P. Jeter. The third. is that the provision in the certificate to the effect that the funds should be paid to the widow of Jeter was void, in so far as it applied to the defendant Ada, because it is directly contrary to our statute governing the distribution of the proceeds of insurance policies, and such statutes would control in view of such conflict. And the fourth is that, although the funds should be payable to the widow, the fund is impressed with a trust in favor of the children of the insured, and upon the refusal of defendant Ada to support and provide for his children out of the funds, such children are entitled to judgment against her for a proportionate share of the fund.

The foregoing is the last assignment of error, there being one other, and relates to a supposed right in the complainants which exists outside of the contract of insurance. The second assignment refers to the statutes of the State relating to insurance policies. It is well settled that a certificate like this is not controlled by those statutes. Shannon's Code, sections 4030, 4232; *Harvey* v. *Harrison,* 89 Tenn., 470, 14 S. W., 1083; *Rose*

v. *Wortham*, 95 Tenn., 505, 32 S. W., 458, 30 L. R. A., 609. What has been said is equally true of the third assignment of error, because the statutes therein referred to do not apply to this certificate.

The fourth assignment makes the point that the fund derived from the certificate is impressed with a trust in favor of the children. But this cannot be recognized because the children have no right to the fund which would not be derived from the father, and he made no provision for them.

This assignment is that by a proper construction of the certificate the fund was payable to complainant and not to the defendant Ada. The insured made no effort to change the beneficiary as it existed prior to the death of his first wife. As stated, she was named as the sole beneficiary. Section 46 of the by-laws of the order, which was copied in the benefit certificate, governs cases in which the death of beneficiaries of a member occurs prior to the death of such member, and specifies who is to be treated as the true beneficiary in such case. It enacts that, if such member has failed to have another beneficiary named, then the amount to be paid under the benefit certificate shall be paid to the surviving beneficiary, if any there be, or, if no beneficiaries survive him, then to the widow. The first wife, Nancy, was named as the sole beneficiary, and she died before the member. As Jeter did not attempt to change the beneficiary, and married prior to his death, when he died, he left a widow, and under the very terms of the benefit certificate the fund was to be paid to the widow. This had been done, and this bill is predicated upon the idea that the chilren

of the first marriage have a benefit in the fund. We do not see how this can be true, and the chancellor was correct in sustaining the demurrer and dismissing the bill. While these children have a hard lot to meet, and their condition appeals to the humanitarian side, we cannot see any rule of equity which can reach their condition. The fund by the terms of the contract was payable to the widow, and defendant Ada was widow of the member at the time of his death, and it is the contract which controls the rights of the parties.

Affirmed.